UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD LEWIS LEONARD

                Plaintiff,        6:18-cv-06102-MAT
    -v-                              **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____

**INTRODUCTION**

Edward Lewis Leonard ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

**PROCEDURAL BACKGROUND**

On April 29, 2014, Plaintiff protectively filed an application for DIB, alleging disability as of November 8, 2012, due to a lower back condition, diabetes, high blood pressure, and being a slow learner. Administrative Transcript ("T.") 64. The claim was initially denied on September 23, 2014. T. 73-77. At Plaintiff's request, a video hearing was conducted on July 26, 2016, in Falls

Church, Virginia, by administrative law judge ("ALJ") David J. Begley, with Plaintiff appearing via video conference with his attorney in Syracuse, New York. A vocational expert ("VE") also testified. T. 29-62. The ALJ issued an unfavorable decision on November 25, 2016. T. 12-24. Plaintiff appealed the decision to the Appeals Council ("AC"), which denied Plaintiff's request for review on December 3, 2017, making the ALJ's decision the final determination of the Commissioner. T. 1-6. This action followed.

**THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through September 30, 2017. T. 17.

At step one of the sequential evaluation, the ALJ found that Plaintiff had engaged in substantial gainful activity from January 2016 to March 2016. T. 18. The ALJ also noted that Plaintiff continued to work and was working at the time of the hearing as a produce packer at a local farm; however, it was unclear if that work constituted substantial gainful activity. Accordingly, the ALJ continued the sequential evaluation process. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairment: degenerative disc disease. *Id*. The ALJ also considered Plaintiff's diabetes mellitus, hypertension,

hyperlipidemia, obesity, and intellectual disability, but found these impairments were all nonsevere. T. 18-19.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 20.

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), with the following additional limitations: prohibited from climbing ladders, ropes, and scaffolds; limited to occasional climbing of ramps and stairs; limited to occasional balancing, stooping, kneeling, crouching, and crawling; needs to avoid concentrated exposure to extreme cold; and needs to avoid hazardous machinery, unprotected heights, and open flames. T. 20.

At step four, the ALJ relied on the VE's testimony to find that Plaintiff was capable of performing his past relevant work as a truss assembler and box maker. T. 22. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 23.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The

3

district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff argues the ALJ failed to support his decision with substantial evidence. Specifically, Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ failed to properly develop the record when he failed to order cognitive testing; and (2) the ALJ did not reconcile his RFC determination with the consultative examiners' opinions. For the reasons discussed below, the Court finds Plaintiff's arguments without merit and affirms the Commissioner's final determination.

4

## I. The Relevant Consultative Examinations

Plaintiff received two consultative psychiatric examinations in relation to his application for disability benefits. The first, performed by Dr. Dennis Noia, was administered on October 7, 2013. T. 422-25. Dr. Noia noted Plaintiff was cooperative and his manner of relating, social skills, and overall presentation were moderately adequate. T. 423. Plaintiff's attention and concentration were intact; he was able to do counting, but was unable to perform simple calculations or serial threes due to poor arithmetic skills. Plaintiff's recent and remote memory skills were mildly impaired. Dr. Noia estimated Plaintiff's intellectual functioning was in the borderline range and his general fund of information appeared somewhat limited. T. 424. Plaintiff's insight and judgment were good, and he reported he usually gets along with family and friends.

Dr. Noia opined Plaintiff appeared to have no limitations in understanding and following simple instructions and directions. He appeared to have no limitations performing simple tasks, but mild limitations performing complex tasks. Plaintiff appeared to have no limitations maintaining attention and concentration for tasks or with his ability to attend to a routine and maintain a schedule. Dr. Noia further opined Plaintiff appeared to have mild limitations learning new tasks, with no limitations making appropriate decisions, relating and interacting with others, or dealing with stress. T. 424-25. Finally, Dr. Noia opined the results of

5

Plaintiff's examination appeared to be consistent with no psychiatric or substance abuse problems that would significantly interfere with his ability to function on a daily basis. T. 425. Dr. Noia's diagnoses included back pain, diabetes, hypertension, and ruling out borderline intellectual functioning. He stated that no psychiatric recommendations were warranted at that time, but noted Plaintiff may need assistance managing money due to his poor arithmetic skills. *Id.*

Plaintiff's second psychiatric consultative examination was administered by Dr. Jeanne A. Shapiro on September 11, 2014. T. 265-69. Plaintiff reported he was unemployed at the time of the examination because of his back pain. Plaintiff reported his previous work included work as a laborer, truck and trailer washer, food stacker, truss builder, and line worker. Plaintiff reported he graduated from high school, but was in special education due to learning problems. T. 265.

On examination, Plaintiff was responsive and cooperative. Dr. Shapiro noted Plaintiff's manner of relating, social skills, and overall presentation were adequate. T. 266. Plaintiff's personal hygiene and grooming were good, he had normal posture and motor behavior, and made appropriate eye contact. Dr. Shapiro noted Plaintiff's attention and concentration were intact. He was able to do counting, simple calculations and serial threes on his fingers. Plaintiff's recent and remote memory skills were intact. Dr. Shapiro estimated Plaintiff's intellectual functioning to be in

the deficient range. His general fund of information appeared somewhat limited; however, his insight and judgment were good. T. 267.

Dr. Shapiro opined Plaintiff appeared to have no limitations understanding and following simple instructions and directions, or performing simple tasks. He appeared to have moderate limitations performing complex tasks, due to cognitive deficits. Dr. Shapiro opined Plaintiff had no limitations maintaining attention and concentration for tasks, and appeared to have no limitations attending to a routine and maintaining a schedule. Plaintiff had mild to moderate limitations learning new tasks, with no limitations making appropriate decisions. Plaintiff was able to relate and interact well with others and had no limitations in his ability to deal with stress. Finally, Dr. Shapiro opined Plaintiff's difficulties were caused by cognitive deficits. T. 268. Dr. Shapiro diagnosed Plaintiff with lower back pain, diabetes, hypertension, migraines, high cholesterol, acid reflux, water retention, and rule out intellectual disability - mild. She stated Plaintiff's prognosis appeared good and that no interventions appeared to be warranted at that time, but Plaintiff would be incapable of managing money due to his poor calculation skills and other cognitive deficits. *Id*.

## II. The ALJ Properly Developed the Record

Plaintiff first argues the ALJ failed to meet his duty to develop the record when he rejected Plaintiff's request for

7

cognitive testing. For the reasons set forth below, the Court finds Plaintiff's argument is without merit.

Claimants generally have the burden of producing evidence; however, because a hearing on disability benefits is a non-adversarial proceeding, the ALJ has an affirmative duty to develop the administrative record. *Perez v. Charter*, 77 F.3d 41, 47 (2d Cir. 1996) (citing *Echevarria v. Secretary of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). An ALJ may be required to obtain a consultative examination where there is a conflict, inconsistency, or insufficiency in the evidence that must be resolved before a determination can be made. *See* 20 C.F.R. § 404.1519a(b). But, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Petrie v. Astrue*, 412 F. App'x 401, 406 (2d Cir. 2011) (internal quotation marks omitted); *see also Morris v. Colvin*, No. 14-CV-689S, 2016 WL 3085427, at *4 (W.D.N.Y. June 2, 2016) (finding no error in the ALJ's determination that further development of the record was unnecessary where the ALJ had before him an adequate medical history to render a decision). Furthermore, the Second Circuit has found that there is no evidentiary gap in the record where "the record contain[s] sufficient other evidence supporting the ALJ's determination and the ALJ weighed all of that evidence when making his residual functional capacity finding." *Johnson v.*

*Colvin*, F. App'x 44, 46 (2d Cir. 2016) (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (refusing to remand "solely on the ground that the ALJ failed to request medical opinions in assessing residual functional capacity")). Additionally, agency regulations provide that the ALJ is to generally "give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1524(c)(4).

At the hearing, Plaintiff testified he completed the twelfth grade in a special education class. T. 38. In their opinions, Dr. Shapiro and Dr. Noia noted Plaintiff had some cognitive deficiencies, but neither consultative examiner found any significant limitations. *See* T. 268, 424-25. Furthermore, Plaintiff's work history gives no indication his cognitive deficiencies have had an impact on his employability. Instead, Plaintiff testified his lower back pain was interfering with his ability to work. T. 35.

Rejecting Plaintiff's request for a consultative intelligence evaluation, the ALJ noted "there is no medical evidence to support a finding of a mental health impairment other than the evidence in the two mental health consultative examinations in the record." T. 15. Furthermore, there was no conflict, inconsistency, or insufficiency in the evidence requiring additional testing to resolve prior to a determination can be made. *See* 20 C.F.R.

9

§ 404.1519a(b); *see also Petrie v. Astrue*, 412 F. App'x at 406 (the ALJ was under no obligation to seek additional information where there were no "deficiencies" or "obvious gaps" in the administrative record); *Bushey v. Colvin*, 552 F. App'x 97, 98 (2d Cir. 2014) ("ALJ was not required to order an IQ test in order to fully assess [claimant's] cognitive abilities" because there were no gaps in the administrative record); *Crawford v. Astrue*, No. 13-CV-6068P, 2014 WL 4829544, at *24 (W.D.N.Y. Sept. 29, 2014) (cognitive testing was not required where plaintiff completed high school in a special education setting and had maintained employment in a semi-skilled setting). Accordingly, the Court finds the ALJ was under no obligation to obtain further mental health testing and thus, remand is not warranted on this basis.

**III. The ALJ Properly Reconciled the Opinion Evidence**

Plaintiff also argues the ALJ failed to support his RFC determination with substantial evidence because he rejected the opinions of both mental consultative examiners, despite purporting to give their opinions great weight. For the reasons set forth below, the Court finds this argument lacks merit.

When assessing a disability claim, an ALJ is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources." *Id.*; *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)

10

("the ALJ's RFC finding need not track any one medical opinion"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), *report and recommendation adopted*, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). Furthermore, an ALJ is permitted to discount portions of a consultative examiner's opinion where it is not supported by the medical evidence of record. *See Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (ALJ did not commit reversible error "by dismissing a portion of the opinion of [the] consultative examiner").

Plaintiff's contention that the ALJ's RFC determination is at odds with the opinions of Dr. Noia and Dr. Shaprio is without merit. In his decision, the ALJ stated he gave great weight to the opinions of Dr. Noia and Dr. Shapiro, noting that both doctors stated that no interventions appeared to be warranted. The ALJ noted both opinions were consistent with Plaintiff's lack of mental health treatment and lack of evidence showing he has any significant mental health problems. T. 22. Indeed, both doctors opined Plaintiff had no limitations in his ability to understand or follow simple instructions or directions, perform simple tasks, maintain attention and concentration, maintain a routine and schedule, make appropriate decisions, or deal with stress. *See* T. 268, 424-25. Accordingly, the ALJ's RFC finding that included no

11

special mental limitations was in line with the medical record, including the opinions of Dr. Noia and Dr. Shapiro.

To the extent the opinion of Dr. Noia noted mild limitations for learning new tasks and performing complex tasks (*see* T. 424-25) and Dr. Shapiro noted apparent mild to moderate limitations in the same areas, the ALJ was under no obligation to agree with those findings, or exactly track either opinion. *See Rosa*, 168 F.3d 29; *Breinin,* 2015 WL 7749318, at *3. Furthermore, as set forth below, even if the ALJ had specifically incorporated limitations regarding complex tasks into the RFC determination, Plaintiff would not be precluded from performing his past semi-skilled work as a truss assembler.

The regulations define semi-skilled work as "work in which some skills are involved but the more complex work functions are not required." 20 C.F.R. § 404.1568(b). The record demonstrates Plaintiff has held multiple jobs where his cognitive impairment has not been an issue. Specifically, Plaintiff testified that within the past fifteen years, he worked as a truss assembler for approximately six years, and on an assembly line for approximately two years. T. 23, 36. At the time of the hearing, Plaintiff testified he was working full-time as a produce packer at a local farm. T. 34. After reviewing Plaintiff's record and listening to Plaintiff's testimony, the VE testified Plaintiff was capable of performing his past work as a truss assembler, which was semi-

skilled work, and as a small products assembler, which was unskilled work. T. 57.

Nothing in the medical record suggests Plaintiff's mental capabilities have changed or deteriorated since performing his past relevant work. T. 19-22. Furthermore, Plaintiff gave no indication his learning impairment affected his ability to perform any of his past work, but instead cited his back pain as the cause for his alleged disability. T. 35. Thus, even had the inclusion of Dr. Noia and Dr. Shapiro's opinions that Plaintiff mild limitations performing complex tasks been included in the RFC finding, Plaintiff would not be precluded from performing his past work. *See Lawler v. Astrue*, 512 F. App'x 108, 111 (2d Cir. 2013) (substantial evidence supported ALJ's finding plaintiff with cognitive limitations was not disabled where plaintiff had previously performed semi-skilled work, and had ultimately stopped working due to physical rather than mental health issues). Accordingly, the Court finds the RFC determination is supported by the opinions of Dr. Noia and Dr. Shapiro, as well as the record as a whole.

For the reasons discussed above, the Court finds the RFC determination to be supported by substantial evidence of record, including the opinions of Dr. Noia and Dr Shapiro. Plaintiff's contention that the RFC determination was unsupported and developed without properly crediting the medical opinions of record is unsupported by the record as a whole. Accordingly, remand on this basis is unwarranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 11) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 14) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   January 24, 2019
         Rochester, New York